UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED D. HUDSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No: 4:16CV608 HEA |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

# OPINION, MEMORANDUM AND ORDER

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. No.1] on April 29, 2016. Respondent filed a Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. No. 6] on September 20, 2016. On October 13, 2016, Petitioner filed his Reply to Response to Order to Show Cause [Doc. No.8]. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted. For the reasons explained below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

## Procedural Background

Petitioner was found guilty by a jury in the Twenty-First Judicial Circuit, St. Louis County on May 15, 2013 of first-degree murder, armed criminal action, first-degree assault and armed criminal action. On June 13, 2013, Petitioner was sentenced to life without probation or parole as to the first-degree murder offense in count 1, thirty years as to the armed criminal action offense in count 2, concurrent to the first-degree murder offense in count 1, life as to the first-degree assault offense in count 3, consecutive to counts 1 and 2, and finally thirty years as to armed criminal action offense in count 4 concurrently served to count 3. On June 24, 2013 Petitioner timely filed his Notice of Appeal.

On appeal to the Missouri Court of Appeals, Eastern District of Missouri, by *Per Curiam* opinion, concluded the merits of his appeal were lacking and affirmed the trial court and upheld the convictions.

On July 16, 2014 Petitioner timely filed his motion for post-conviction relief pursuant to Rule 29.15, Missouri Rules of Criminal Procedure. Thereafter, on November 26, 2014 he filed his amended Rule 29.15 motion. In his amended motion Petitioner asserted his counsel to be ineffective by: (1) failing to elicit evidence of a similar shooting at a nearby house and evidence that another person had been implicated in the shooting in the case; and (2) appellate counsel was

ineffective in failing to raise on direct appeal, preserved error in the trial court's refusal to quash venire panel following venire persons emotional outburst.

The Motion court denied an evidentiary hearing on the motion. In its Findings of Fact and Conclusions of Law, the Motion court denied relief to petitioner on both his ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims.

Petitioner then took timely appeal of the unfavorable ruling on his Rule 29.15 motion. The Missouri Court of Appeals, Eastern District of Missouri affirmed the ruling of the Motion court. Petitioner is now before this court on his 28 U.S.C §2254 Writ of Habeas Corpus.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal

> law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## Statute of Limitations

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus. That window opens at the conclusion of direct review. The window closes a year later. Failure to file within that one year window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003). If an inmate does not seek a writ of certiorari on

direct review, direct review concludes when the time limit for seeking further review expires. *Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Under Missouri Supreme Court Rule 30.01, Rule 30.03, Rule 81.04, and Rule 81.08, the time limit for filing a notice of appeal is ten days after sentencing.

## Discussion

Review under 28 U.S.C. § 2254 is a review to determine whether a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, Petitioner's allegations are set forth in Ground One: he received ineffective assistance of trial counsel in that trial counsel did not investigate whether there was a similar shooting into the home of his victims; and in Ground Two: he received ineffective assistance of appellate counsel in that his appellate counsel did not brief a claim of trial court error when it did not quash the venire panel following a venireperson's outburst.

**A. Was Trial Counsel Ineffective in Not Investigating a Similar Shooting Into the Home of the Victims?**

As to Petitioner's first ground for relief from ineffective assistance of trial counsel the trial court, in ruling on his Rule 29.15 motion, found he had pleaded mere conclusions and not facts which would warrant relief. The motion court went on to render that even if underlying facts of the allegation relating to ineffective assistance of counsel were true, the evidence would be inadmissible without proof

that the other person committed some act directly connecting him to the crime. *State v. Wise,* 879 S.W.2nd 494, 511 (Mo banc 1994); *State v. Schaal*, 806 S.W. 2d 659 (Mo banc 1991). The failure to plead facts sufficiently is a procedural bar that precludes state and federal court review of the claim. *Barnett v. Roper*, 541 F.3d 804, 808-811 (8thCir. 2008).

The ruling of the trial court on the Rule 29.15 motion relating to the evidence as being inadmissible is a consideration of the merits. That opinion is reasonable, and well-supported in the law as recited by the trial court. In his appeal to the Missouri Appeals Court, that court also concluded, in its *Per Curiam* opinion, that the information was inadmissible and insubstantial. There is nothing in the record by way of allegation or assertion to the state court decision as unreasonable. The decision is a reasonable one and is entitled to deference under 28 U.S.C. §2254(d).

There is also an allegation the victim owed a lot of money to Michael Klopstein. As referenced earlier, the state trial court concluded that evidence which has no other effect than to cast bare suspicion on another person or to raise conjectural inference that another person committed the charged crime is inadmissible in the absence of direct evidence tying that other person to the crime. *State v. Brown*, 916 S.W.2d 420 (Mo. App. 1996); *State v. Clark*, 859 S.W.2d 782 (Mo. App. 1993). The Missouri appeals Court likewise concluded the evidence

was inadmissible. Under *Strickland v. Washington*, 466 U.S. 668 (1984), the state court's resolution of these issues was reasonable.

Petitioner has failed to demonstrate a duty on the part of counsel and has also failed to demonstrate *Strickland* prejudice. The Trial court and the Missouri appellate court arrived at the same conclusion in this regard. Both concluded that Petitioner failed to demonstrate prejudice as the evidence was overwhelming and the record fully supports it. The state court's resolution of this issue is reasonable and entitled to deference under section 2254(d).

**B. Was Appellate Counsel Ineffective in Not Briefing a Claim of Trial Court Error When It Did Not Quash the Venire Panel Following Venireperson Outburst?**

Here, the Rule 29.15 trial court examined the factual basis for the claim and found the only time that the venireperson said anything about why she was crying was at the bench out of the hearing of the jury. The trial court further noted that Petitioner failed to plead any facts that might warrant relief and that as a consequence, appellate counsel was not required to raise a non-meritorious appellate claim. The appellate court agreed that there was no error and no prejudice to Petitioner that would have justified reversal and a new trial, had the claim been briefed on direct appeal.

There is support in the record for the determination and conclusions of the state courts. The state court rulings are entitled to deference under sections 2254 (d)and (e).

## Conclusion

Based upon the foregoing discussion and analysis the Petition for Writ of Habeas Corpus must be denied.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1)

if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786 Hence, no certificate of appealability will be issued.

Accordingly

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc.No. 1], is **denied.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 19th day of September, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE